**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4282-16T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

PASCAL EXILUS, a/k/a
PASCEL EXILUS

    Defendant-Appellant.

_____

Submitted February 26, 2019 – Decided March 6, 2019

Before Judges Fisher and Hoffman.

On appeal from Superior Court of New Jersey, Law Division, Hunterdon County, Indictment Nos. 16-02-0062 and 16-02-0063.

Joseph E. Krakora, Public Defender, attorney for appellant (Margaret R. McLane, Assistant Deputy Public Defender, of counsel and on the briefs).

Anthony P. Kearns, III, Hunterdon County Prosecutor, attorney for respondent (Jeffrey L. Weinstein, Assistant Prosecutor, of counsel and on the brief).

Appellant filed a pro se supplemental brief.

PER CURIAM

In this appeal, we consider the denial of defendant's suppression motion, an evidentiary ruling made during the course of trial, and the sentence imposed following defendant's conviction. We find no merit in any of defendant's arguments and affirm.

At approximately 4:30 a.m. on November 20, 2015, a police officer patrolling the streets and highways in Flemington observed defendant's vehicle parked along the side of Route 31. The vehicle had halted in the driveway of a closed store with its hazard lights flashing, so the officer stopped to see if the vehicle had been in an accident. As he approached, the officer observed a man urinating by the passenger door; defendant was in the driver's seat.

The officer asked the urinating passenger – co-defendant Bereka Gelin – why the vehicle stopped there when an open convenience store with available bathrooms was in sight on the highway. As he stood alongside defendant's vehicle during this discussion, the officer smelled alcohol and the strong odor of cologne and air freshener from inside the vehicle. In response to the officer's questions, Gelin identified himself but could not produce an identification card. He asked to be permitted to sit in defendant's vehicle because it was cold outside. The officer allowed that and returned to his own vehicle's computer to verify

Gelin's identity; as he did this the officer watched as Gelin turned around toward the vehicle's backseat and reached down, as if placing something under the seat.

Another officer arrived to assist, and the officer who initiated the stop returned to defendant's vehicle and again questioned Gelin about his identification; he also asked for defendant's license as the other officer walked around defendant's vehicle. The other officer saw, with the use of a flashlight, marijuana "shake"[1] and the insides of a cigar on the floor of the passenger side, and a small knotted plastic bag, of the type used to contain drugs, on the back seat.

Defendant consented to a vehicle search,[2] which produced a black plastic bag with $800 in one-hundred dollar bills and a debit card bearing defendant's and a music company's names. Defendant advised that he put the money and the card in a bag under the seat prior to arriving at a party in Newark to avoid theft. As the search continued, one of the officers observed a one-inch separation between the passenger-side door panel and door frame; his moving the bottom of the panel caused to fall out a black bag containing a handgun.

---

[1]  I.e., a small amount of marijuana shavings left over after rolling a blunt.

[2]  At a suppression hearing, the State did not rely on this consent but instead sought to justify the warrantless vehicle search on other grounds.

A-4282-16T1

Both defendant and Gelin were then arrested. After the arrest, an officer checked the panel in the driver's side door and obtained from there a plastic bag containing cocaine. The vehicle was then towed to the police station.

A grand jury handed up two indictments. One charged defendant with: second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); third-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(1); third-degree CDS possession with an intent to distribute, N.J.S.A. 2C:35-5(a)(1); N.J.S.A. 2C:35-5(b)(5); second-degree possession of a weapon while possessing CDS with the intent to distribute, N.J.S.A. 2C:39-4.1(a); second-degree conspiracy to possess a weapon, N.J.S.A. 2C:5-2; N.J.S.A. 2C:39-5(b); third-degree conspiracy to possess CDS, N.J.S.A. 2C:5-2; N.J.S.A. 2C:35-10(a)(1); and second-degree conspiracy to possess a weapon while possessing CDS with intent to distribute, N.J.S.A. 2C:5-2; N.J.S.A. 2C:39-4.1(a). The other indictment charged defendant with second-degree being a person not permitted to possess a weapon, N.J.S.A. 2C:39-7(b).

Defendant moved to suppress the physical evidence obtained from the vehicle search. The judge denied the motion by way of a written opinion.

After dismissal of some counts, the remaining charges against defendant and Gelin in the first indictment were tried to a jury over the course of six days.

A-4282-16T1

Defendant was convicted of second-degree unlawful possession of a weapon and third-degree CDS possession; Gelin was acquitted of all charges. Immediately after the trial's conclusion, the judge conducted a bench trial on the certain-persons charge; defendant was convicted.

The State moved for either a discretionary or mandatory extended term pursuant to N.J.S.A. 2C:44-3. The judge determined that defendant qualified for both and sentenced defendant to: an extended fifteen-year prison term, with a seven-and-one-half-year period of parole ineligibility, on the unlawful-possession-of-a-weapon conviction; a concurrent seven-year prison term on the CDS conviction; and a concurrent seven-year prison term on the certain-persons conviction.

Defendant appeals, arguing:

> I. THE EVIDENCE FOUND IN THE CAR MUST BE SUPPRESSED BECAUSE SEEING AN EXTREMELY SMALL QUANTITY OF MARIJUANA DID NOT PROVIDE PROBABLE CAUSE TO SEARCH, LET ALONE SUFFICIENT PROBABLE CAUSE TO MOVE THE CAR'S DOOR PANELS.
>
> II. THE COURT ERRED IN ADMITTING EVIDENCE OF MARIJUANA IN THE CAR, AND THE LIMITING INSTRUCTION WAS INSUFFICIENT (Not Raised Below).

5

> III. DEFENDANT'S FIFTEEN-YEAR SENTENCE, WITH A SEVEN-AND-ONE-HALF-YEAR PAROLE DISQUALIFIER[,] IS MANIFESTLY EXCESSIVE.

Defendant also filed a pro se supplemental brief raising the following single point, which we renumber:

> IV. DEFENDANT'S GRAVES ACT SENTENCE IS ILLEGAL IN THAT IT WAS NOT IMPOSED IN ACCORDANCE WITH STATE LAW, CONTRARY TO THE PROVISIONS OF BOTH STATE AND FEDERAL CONSTITUTIONS.

We find insufficient merit in all defendant's arguments to warrant further discussion in a written opinion. R. 2:11-3(e)(2). We add only a few comments regarding Point I.

At the suppression hearing, the only testimony came from the two officers, whom the judge credited, leading the judge to find the facts we briefly summarized above. The judge applied correct legal principles in determining that the officer was justified in originally approaching defendant's stopped vehicle and in questioning Gelin in light of the circumstances in which he found defendant's vehicle and Gelin's public urination. As that officer asked questions about their identities, the other officer properly walked around defendant's vehicle and, while outside the vehicle, permissibly looked into the vehicle with the aid of a flashlight. State v. Johnson, 171 N.J. 192, 210 (2002). This

permissible look led to the officer's observation of marijuana "shake," cigar remains, and a plastic bag, all which gave the officers' probable cause to inquire and search further for contraband despite the lack of a search warrant. State v. Witt, 223 N.J. 409, 422 (2015). That search uncovered the handgun and CDS, which were admitted at trial and formed the framework for defendant's convictions.

We substantially agree with Judge Angela F. Borkowski's thorough and well-reasoned written opinion which, in greater detail than we have provided, describes the factual and legal justification for the stop, search and seizure.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4282-16T1